# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **LISA HOWARD,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CV-12-S-889-M** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant Lisa Howard commenced this action on March 21, 2012, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability and disability insurance benefits. Claimant also filed a motion to remand the case to the Commissioner for consideration of additional evidence.[1]  For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed, and claimant's motion to remand is due to be denied.

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is

---

[1] Doc. no. 9.

substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards.  Specifically, claimant asserts that the Appeals Council erred in deciding not to remand for consideration of additional evidence, that the ALJ failed to properly develop the record, and that the ALJ's residual functional capacity finding is not supported by substantial evidence.  Upon review of the record, the court concludes that these contentions are without merit.

## A.    Remand and New Evidence

Claimant's primary argument is that the Appeals Council should have remanded the case to the ALJ for consideration of additional evidence submitted to the Appeals Council after the ALJ's decision.  Claimant's briefs on the issues of remand and consideration of new evidence are not very helpful.  Claimant does not even specify whether she is seeking remand pursuant to Sentence Six or Sentence Four of 42 U.S.C. § 405(g).[2]  Eleventh Circuit case law makes clear, however, that

---

[2] *Id.* at 1 ("Plaintiff moves to remand *under either sentence 4 or 6* because the Commissioner failed to include numerous and important submissions submitted to the Appeals Council.") (emphasis supplied).  Sentence Four states that "The court shall have power to enter, upon the

2

claimant is arguing for the type of remand that is available under Sentence Four.

"Section 405(g) [of the Social Security Act] permits a district court to remand an application for benefits to the Commissioner . . . by two methods, which are commonly denominated 'sentence four remands' and 'sentence six remands.'" *Ingram,* 496 F.3d at 1261. A sentence four remand, as opposed to a sentence six remand, is appropriate when "evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record." *Ingram,* 496 F.3d at 1269.  Under a sentence four remand, when a claimant has submitted evidence for the first time to the AC, the claimant is not required to show good cause.  *See Melkonyan v. Sullivan,* 501 U.S. 89, 99-100, 111 S. Ct. 2157, 2164, 115 L. Ed. 2d 78 (1991) (recognizing "Congress' explicit delineation in § 405(g)" between sentence four and sentence six remands and noting that a court may remand under sentence six "only if the claimant shows good cause for failing to present the evidence earlier"); *see also Ingram,* 496 F.3d at 1258 (recognizing that we have previously "mistakenly stated that evidence first presented to the Appeals Council could be considered by the court only if the applicant had good cause for not presenting it

---

pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).  Sentence Six provides:

The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g).

3

earlier to the administrative law judge.").

*Smith v. Astrue,* 272 F. App'x 789, 802 (11th Cir. 2008) (bracketed alterations and ellipses in original).  Thus,

> [w]hen a claimant submits new evidence to the AC, the district court must consider the entire record, including the evidence submitted to the AC, to determine whether the denial of benefits was erroneous. *Ingram,* 496 F.3d at 1262.  Remand is appropriate when a district court fails to consider the record as a whole, including evidence submitted for the first time to the AC, in determining whether the Commissioner's final decision is supported by substantial evidence. *Id.* at 1266-67.  The new evidence must relate back to the time period on or before the date of the ALJ's decision.  20 C.F.R. § 404.970(b).

*Smith,* 272 F. App'x at 802 (alteration supplied).

None of the evidence upon which plaintiff relies was submitted to the ALJ before she rendered her administrative decision.  Instead, all of the evidence was submitted for the first time to the Appeals Council.  Some of the evidence was accepted by the Appeals Council; some was rejected; and some was not mentioned at all by the Appeals Council.

### 1.    Evidence accepted by the Appeals Council

In the Notice of Appeals Council Action, the Appeals Council stated that it "considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council," but that it nonetheless "found no reason under our rules to review the Administrative Law Judge's decision."[3]  The

---

[3] Tr. 1.

Order of Appeals Council stated:

> The Appeals Council has received additional evidence which it is making part of the record.  That evidence consists of the following exhibits:

| | |
|---|---|
| Exhibit 11E | Representative Brief, dated March 21, 2011 |
| Exhibit 12E | Representative Brief, dated June 10, 2011 |
| Exhibit 13E | Academic Records, from Coldwater School, C.K. Drew School, Lincoln School, and Wellborn High School, dated 1977 through 1982 |
| Exhibit 18F | Medical Records, Hugh G. Maddox, M.D., dated February 16, 2010 through December 8, 2010 |
| Exhibit 19F | Medical Records, Anniston Ear, Nose, and Throat, P.C., dated February 7, 2007 |
| Exhibit 20F | Medical Records, N.E. Alabama Regional Medical Center, dated February 24, 2005 |
| Exhibit 21F | Medical Records, Stringfellow Memorial Hospital, dated December 19, 2003 through March 10, 2006 |
| Exhibit 22F | Medical Records, Stringfellow Memorial Hospital, dated November 18, 2003 through January 13, 2010 |
| Exhibit 23F | Medical Records, Wade Chiropractic Clinic, dated October 14, 2003 |
| Exhibit 24F | Medical Records, N.E. Alabama Regional Medical Center, dated November 11, 2007 |

through November 1, 2010

Exhibit 25F      Medical Records, Clifford Black, M.D., dated
June 10, 2002 through August 30, 2005

Exhibit 26F      Medical Records, Thomas G. Harrell, M.D.,
dated April 23, 2010 through June 16, 2010.[4]

Claimant does not make any substantive argument why these records should have caused the Appeals Council to remand the claim to the ALJ. She only states that the Appeals Council's decision to deny review was "without comment on the new evidence,"[5] and that the ALJ's "unfavorable decision is not based on substantial evidence when the evidence of Record submitted to the Appeals Council is considered."[6] Claimant's first contention — that the Appeals Council's decision was "without comment" — is simply incorrect. The Appeals Council acknowledged the new evidence submitted by claimant's counsel, but stated that the evidence did not provide a basis for overturning the ALJ's decision. Claimant's second contention — even setting aside the fact that it is conclusory — is without merit. Taken as a whole, the new evidence submitted to, and accepted into the record by, the Appeals Council does not support a finding of a more severe functional impairment than that already found by the ALJ. Therefore, even considering that new evidence, the ALJ's decision

---

[4] Tr. 7-8.

[5] Doc. no. 9, at 3.

[6] Doc. no. 8 (claimant's brief in support of disability), at 27.

6

was supported by substantial evidence.

## 2.      Evidence rejected by the Appeals Council

Claimant also points to other medical evidence that was submitted to, but rejected by, the Appeals Council during the administrative proceedings.  The Notice of Appeals Council Action states:

> We also looked at additional evidence from the following sources: Jane Teschner, M.D., dated February 7, 2011; Hugh G. Maddox, M.D., dated February 3, 2011 through June 30, 2011; N.E. Alabama Medical Center, dated February 1, 2011 through August 4, 2011; and David Wilson, M.D., dated July 26, 2011.  The Administrative Law Judge decided your case through November 23, 2010.  This new information is about a later time.  Therefore, it does not affect the decision about whether you were disabled beginning on or before November 23, 2010.
>
> If you want us to consider whether you were disabled after November 23, 2010, you need to apply again.  We noted this evidence is already associated with a subsequent application filed on December 21, 2010, and pending at the hearing level.[7]

The Appeals Council did not make any of the medical records referenced in the preceding paragraphs part of the administrative record.

Claimant summarized these additional medical records in her briefs, but she, once again, did not make any substantive argument as to why the additional records warrant remand.  She only states that the "omissions from the record are serious," and that she "had a right to submit additional evidence before the Appeals Council and

---

[7] Tr. 2.

had a right to have the evidence read and considered."[8]  She also summarily states

that the ALJ's unfavorable decision "is not based on substantial evidence when the

evidence of Record submitted to the Appeals Council is considered," particularly the

records of evaluations performed by Drs. Teschner and Wilson.[9]

The court is not persuaded by claimant's conclusory arguments.  As an initial

matter, it must be noted that the sheer volume of evidence presented to the Appeals

Council cannot serve as grounds for remand.  It would not matter how many pages

of medical records claimant submitted to the Appeals Council if none of those records

provided a basis for changing the administrative decision.  Furthermore, Social

Security regulations governing Appeals Council review provide:

> If new and material evidence is submitted, the Appeals Council
> shall consider the additional evidence *only where it relates to the period
> on or before the date of the administrative law judge hearing decision*.
> The Appeals Council shall evaluate the entire record including the new
> and material evidence submitted if it relates to the period on or before
> the date of the administrative law judge hearing decision.  It will then
> review the case if it finds that the administrative law judge's action,
> findings, or conclusion is contrary to the weight of the evidence
> currently of record.

20 C.F.R. § 404.970(b) (emphasis supplied).  Another regulation states, in pertinent

part:

> The Appeals Council will consider all the evidence in the

---

[8] Doc. no. 9, at 3.

[9] Doc. no. 8, at 27.

administrative law judge hearing record as well as any new and material evidence submitted to it which relates to the period on or before the date of the administrative law judge hearing decision. If you submit evidence which does not relate to the period on or before the date of the administrative law judge hearing decision, the Appeals Council will return the additional evidence to you with an explanation as to why it did not accept the additional evidence and will advise you of your right to file a new application.

20 C.F.R. § 404.976(b)(1).

The Appeals Council acted in accordance with these regulations when it declined to consider the evidence listed on the second page of the Notice of Appeals Council Action. All of that evidence was dated *after* the ALJ's November 23, 2010 decision, and it discussed claimant's symptoms and limitations as of February 2011 and later, not as of November 23, 2010. Thus, even if the Appeals Council had considered this evidence, there would have been no reason for it to overturn the ALJ's administrative decision.[10]

### 3.   Evidence not mentioned by the Appeals Council

Finally, claimant points to certain medical records that were attached to a November 16, 2011 letter to the Appeals Council from her attorney. Those attachments included records from:

1.   Northeast Alabama Regional Medical Center, dated June 28, 2011 and August 3, 2011;

---

[10] It has been mentioned in the briefs and by the Appeals Council that claimant has filed a subsequent application for benefits. The 2011 evidence may be relevant to that application.

2.      Open MRI of Oxford, dated April 23, 2010 and June 16, 2010;

3.      Anniston Medical Clinic, Dr. Vishala Chindalore, dated February 19, 2009 [the court notes that the records actually attached to counsel's letter are from Dr. Kishin Gehi at Anniston Medical Clinic, not Dr. Vishala Chindalore];

4.      Maddox Pain Management, dated February 10, 2011 through February 24, 2011; August 29, 2011; and September 27, 2011;

5.      Advanced Imaging, dated September 11, 2009;

6.      Rehab Partners, dated January 22, 2010 through February 15, 2010; and

7.      Quality of Life, dated July 29, 2011 through August 4, 2011.[11]

The Appeals Council did not even mention these records in its administrative orders, much less state that it had considered these records during the administrative review. In fact, there is no affirmative indication that the November 16, 2011 letter and its attachments ever were received by the Appeals Council.

        None of this evidence warrants a reversal of the ALJ's decision, however. Three of the items of "new" evidence — *i.e.,* the Open MRI, Anniston Medical Clinic, and Advanced Imaging records — actually had already been made part of the record prior to counsel's November 16 letter.[12]  Three of the other items — *i.e.,* the Northeast Alabama Regional Medical Center, Maddox Pain Management, and Quality of Life records — are from a time period *after* the ALJ's November 23, 2010

---

[11] *See* doc. no. 9, at Exhibits F-L (November 16, 2011 to Appeals Council and attachments).

[12] *See* Tr. 584-86 (Open MRI); 400-02 (Anniston Medical Clinic, Dr. Kishin Gehi); 441 (Advanced Imaging).

decision.[13]   The Northeast Alabama Regional Medical Center records discuss treatment for injuries claimant sustained in a June 28, 2011 motor vehicle accident, so there is no reason to believe that those records relate back to the time period before the ALJ's decision.  The February 2011 records from Maddox Pain Management describe symptoms that are similar to those claimant experienced prior to the ALJ's decision, and the increase in severity of symptoms in the later records likely can be explained by the injuries claimant sustained in the June 28 motor vehicle accident.  Likewise, the injuries claimant described to the physicians at Quality of Life also appear to arise out of the motor vehicle accident.

The only documents attached to counsel's November 16, 2011 letter that are both new and dated prior to the ALJ's administrative decision are the records from Rehab Partners.  Those records do not reflect any symptoms or limitations that are more significant than those already described in the ALJ's decision.  The physical therapist at Rehab Partners noted that claimant had a "fair tolerance to activities," and "excellent potential" to respond to a treatment program.  She had only "mild" deficits in range of motion, and mild complaints of increased pain with palpitation.  She was able to walk with no assistive device or deviation in her gait.[14]

### 4.    Sentence Six

---

[13] *See supra*, pages 8-9, for an explanation of why records from after the administrative decision cannot serve as grounds for remand.

[14] *See* doc. no. 9, at Exhibit K.

Alternatively, even if remand were considered under Sentence Six of 42 U.S.C.

§ 405(g), rather than Sentence Four, it would not be appropriate.  "Sentence six

remands are 'available when evidence not presented to the Commissioner at any stage

of the administrative process requires further review.'" *Poellnitz v. Astrue,* 349 F.

App'x 500, 504 (11th Cir. 2009) (quoting *Ingram v. Commissioner of Social Security*

*Administration,* 496 F.3d 1253, 1267 (11th Cir. 2007)).

> To be entitled to remand to the Commissioner, the claimant must show
> that (1) new, non-cumulative evidence exists; (2) the evidence is
> material such that a reasonable possibility exists that the new evidence
> would change the administrative result; and (3) good cause exists for the
> claimant's failure to submit the evidence at the appropriate
> administrative level. *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir.
> 1986).  However, "not every discovery of new evidence, even if relevant
> and probative, will justify a remand to the [Commissioner], for some
> evidence is of limited value and insufficient to justify the administrative
> costs and delay of a new hearing." *Id*. at 876 (internal quotation marks
> omitted).  Accordingly, sentence six encompasses only those instances
> in which "the district court learns of evidence not in existence or
> available to the claimant at the time of the administrative proceeding
> that might have changed the outcome of that proceeding." *Ingram*, 496
> F.3d at 1267 (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626, 110 S.
> Ct. 2658, 2664, 110 L. Ed.2d 563 (1990)).

*Carson v. Commissioner of Social Security,* 373 F. App'x 986, 988 (11th Cir. 2010)

(bracketed alteration supplied).[15]

For most of the same reasons already stated, claimant has not satisfied any of

---

[15] In contrast, remand is appropriate pursuant to Sentence Four of § 405(g) for consideration of evidence presented to, and considered by, the Appeals Council during the administrative proceedings.  *Smith v. Astrue*, 272 F. App'x 789, 802 (11th Cir. 2008).  A claimant does not have to satisfy the good cause requirement in order to obtain a remand pursuant to Sentence Four.  *Id.*

the requisite elements for Sentence Six remand. She has not offered *any* reason, much a reason justifying a finding of good cause, for failing to offer the evidence during the administrative proceedings. Furthermore, the evidence submitted to the Appeals Council may be "new," in the sense that it had not previously been submitted, but it is not "material," because there is no reasonable possibility that it would change the administrative result.

In conclusion, remand for consideration of additional evidence is not warranted under either Sentence Four or Sentence Six of 42 U.S.C. § 405(g). Accordingly, claimant's motion to remand will be denied, and the decision of the ALJ will not be reversed and remanded for consideration of additional evidence.

## B.    Failure to Develop Record

A claimant bears the ultimate burden of producing evidence to support her disability claim. *See Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. §§ 416.912(a), (c)). Even so, the ALJ "has an obligation to develop a full and fair record, even if the claimant is represented by counsel." *Nation v. Barnhart,* 153 F. App'x 597, 598 (11th Cir. 2005) (citing *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981)). "Remand for further development of the record is appropriate when there are evidentiary gaps that result in prejudice." *McCrea v. Astrue*, 407 F. App'x 394, 397 (11th Cir. 2011) (citing *Brown v. Shalala,* 44 F.3d

931, 935 (11th Cir.1995)).

Claimant asserts that the ALJ failed to fully develop the record because he did not consider certain medical records that were later submitted to the Appeals Council. Those records include:

1.   Stringfellow Memorial Hospital: 12/19/03-3/10/06 (R-512-517)

2.   Northeast Alabama Regional Medical Center: 2/24/05 (R-553-574)

3.   Dr. Dorothy Nedler: 12/17/09 (Not in Record)

4.   Anniston Ear, Nose, and Throat, P.C.: 2/7/07 (Not in Record)

5.   Maddox Pain Management: 8/11/10 (R-500-508).[16]

The only substantive statement claimant makes in support of this argument is that the Stringfellow records "show surgeries on the right shoulder and left ankle, as well as severe pain," and that the Maddox Pain Management records "show severe pain."[17] She does not explain how the ALJ's failure to obtain these records equates to a failure to of her duty to fully develop the record, as opposed claimant's own failure to supply evidence to support her case.  Just because the ALJ did not mention every piece of available evidence in the administrative decision does not mean that the ALJ failed to satisfy her duty of developing a full and fair record.  Claimant also fails to explain

---

[16] Doc. no. 8, at 21.
[17] *Id.* at 22-23.

14

how she might have been prejudiced by the ALJ's alleged omissions.  There is no

indication that the evidence identified by claimant actually would have had any effect

on the administrative decision.  Therefore, the ALJ's decision will not be reversed for

failure to consider that evidence, and the case will not be remanded to the

Commissioner for the ALJ to further develop the record.

## C.   Residual Functional Capacity Finding and Substantial Evidence

The ALJ found that claimant had

the residual functional capacity to perform light work as defined in 20
CFR 404.1567(b).  She should have a sit/stand option.  She cannot
operate foot control operations with her left lower extremity.  Claimant
should never climb ramps, stairs, ladders, ropes, or scaffolds.  Claimant
should never kneel, crouch, or crawl.  Claimant can occasionally
perform fine manipulation with her fingers.  Claimant should avoid
exposure to unprotected heights, and hazardous machinery. Claimant's
work should be limited to simple, routine, and repetitive task[s] in a
work environment free of assembly line production requirements,
involving simple work-related decisions and few work place changes.
Claimant's job should require no direct contact with the public and work
can be around co-workers but with only occasional contact with
coworkers.[18]

Claimant asserts that, "While the ALJ summarized the medical evidence

available, the RFC assessment is simply conclusory and does not contain any

rationale or reference to the supporting evidence . . . ."[19]  This court does not agree.

---

[18] Tr. 43 (alteration supplied).

[19] Doc. no. 8, at 23.  The court cannot resist pausing to note the irony in claimant's assertion.
Claimant criticizes the ALJ's decision for being conclusory and devoid of rationale and citation to
supporting evidence, but her own briefs suffer from the exact same shortcomings.  Claimant spent
more than half the pages of her brief summarizing the ALJ's findings and the available evidence.

To the contrary, the ALJ spent several pages discussing the medical evidence and reasoning that supported her administrative findings.[20]  This court agrees with the ALJ's findings and concludes that they are supported by substantial evidence.

Claimant also asserts that the ALJ's residual functional capacity finding is not supported by substantial evidence because there was no formal assessment from a treating or examining physician with regard to claimant's ability to perform specific work-related activities, such as walking, standing, lifting, or carrying.  The ALJ acknowledged that fact in her administrative decision:

> As for the opinion evidence, no treating physician has offered an opinion sufficient upon which to assess the claimant's residual functional capacity.  However, the undersigned notes that the above limitations are consistent with and supported by records obtained from the claimant's treating physicians and with the evidence as a whole. Additionally, the undersigned has considered the opinion of Dr. Gehi[, the consultative examiner,] in accordance with 20 CFR 404.1527.  In this case, no treating physician has offered an opinion sufficient upon which to assess the claimant's residual functional capacity.  However, the undersigned notes that Dr. Gehi's opinion is consistent with records and reports obtained from the claimant's treating physicians and with the evidence as a whole.[21]

Those statements reflect an accurate understanding of applicable law.  It is not always

---

*See* doc. no. 8, at 5-19.  In her approximately eight pages of argument, claimant does little more than make conclusory statements and quote case law without connecting any of her arguments or citations to the record.  Claimant's attorney, Myron Allenstein, has several other cases before the undersigned on behalf of other disability claimants.  He is cautioned that his future briefs should be better developed.  This court will not be persuaded by long summaries of the evidence if they are followed only by conclusory statements and undeveloped legal arguments.

[20] *See* Tr. 43-47.

[21] Tr. 47 (alteration supplied).

necessary for the ALJ to consider a formal functional capacity assessment before making an administrative decision.

> The ALJ is not required to seek additional independent expert medical testimony before making a disability determination *if the record is sufficient and additional expert testimony is not necessary for an informed decision*. *Wilson v. Apfel,* 179 F.3d 1276, 1278 (11th Cir. 1999) (holding the record, which included the opinion of several physicians, was sufficient for the ALJ to arrive at a decision); *Holladay v. Bowen,* 848 F.2d 1206, 1209-10 (11th Cir. 1988) (holding the ALJ must order a consultative exam when it is necessary for an informed decision).

*Nation v. Barnhart,* 153 F. App'x 597, 598 (11th Cir. 2005) (emphasis supplied). The record in this case, including the records from claimant's treating physicians and the consultative report of Dr. Gehi, was sufficient to give substantial support to the ALJ's decision, and it was not error for the ALJ to rely upon that evidence in determining claimant's residual functional capacity, even in the absence of a formal functional capacity evaluation from a treating or examining physician.

**D.     Conclusion and Order**

Consistent with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED.

Furthermore, because there is no basis for remand to the Commissioner for consideration of additional evidence, claimant's motion for remand is DENIED.

Costs are taxed against claimant.  The Clerk is directed to close this file.

DONE this 23rd day of January, 2013.

_____
United States District Judge